512 P.2d 961

**Fred L. O'CHESKEY, Commissioner of the Bureau of Revenue of the State of New Mexico and the Bureau of Revenue of the State of New Mexico, Petitioners,**

v.

**Emmett K. HUNT and Mary E. Hunt, his wife, Respondents.**

No. 9705.

Supreme Court of New Mexico.

July 13, 1973.

David L. Norvell, Atty. Gen., John C. Cook, John E. Owens, Susan P. Graber, Asst. Attys. Gen., Santa Fe, for petitioners.

Philip R. Ashby, Albuquerque, for respondents.

James B. Grant, Asst. U. S. Atty., Albuquerque, Wallace H. Johnson, Asst. Atty. Gen. of the United States, Victor R. Ortega, U. S. Atty., Albuquerque, George R. Hyde, Dirk D. Snel, Attys., Dept. of Justice, Washington, D. C., for the U. S., amicus curiae.

OPINION

McMANUS, Chief Justice.

This case is before us on a writ of certiorari to the New Mexico Court of Appeals. In Hunt v. O'Cheskey, 512 P.2d 954 [Ct.App., 1973] it was decided that the State of New Mexico may not tax income and gross receipts of Indians residing on a reservation when the income and gross receipts involved are derived solely from activities within the reservation.

In McClanahan v. State Tax Commission of Arizona, 406 U.S. 916, 92 S.Ct. 1763, 32 L.Ed.2d 115 (1973), the court held that by imposing a tax on the income of Navajo Indians residing on the Navajo Reservation the State of Arizona had interfered with matters which the relevant treaty and statutes leave to the exclusive province of the federal government and the Indians themselves. Such a tax on income derived wholly from reservation sources was declared unlawful.

We believe the rule announced in McClanahan, together with logical inferences therefrom, is supportive of the action of the Court of Appeals, both with regard to taxation of income and gross receipts. The fact that the Hunts are Pueblo Indians is not a basis upon which Hunt should be distinguished from McClanahan. Mescalero Apache Tribe v. Jones, 411 U.S. 145, 93 S. Ct. 1267, 36 L.Ed.2d 115 (1973), may be distinguished because all activities in that case took place off the reservation. Also, the issues there were resolved by reference to Section 5 of the Indian Reorganization Act, 25 U.S.C. § 465, not here applicable.

Therefore, the writ of certiorari heretofore issued is hereby quashed.

OMAN, STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.